IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DINO ANDERSON, | § | |
| | § | |
| Defendant Below, | § | No. 259, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 1808010306 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: July 26, 2019
Decided: August 6, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

After consideration of the notice to show cause and the parties' and counsel's responses, it appears to the Court that:

(1)     On June 17, 2019, the appellant, Dino Anderson, filed a *pro se* notice of appeal from a Superior Court sentencing order imposed on May 15, 2019. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before June 14, 2019.[1] A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2]

---

[1] DEL. SUPR. CT. R. 6(a)(iii).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

(2)     The Senior Court Clerk issued a notice to Anderson directing him to show cause why the appeal should not be dismissed as untimely filed.  In his response, Anderson stated that his trial counsel had advised him that he "could not file an appeal for my reasons and opinions."  In light of the obligations of trial counsel under Supreme Court Rule 26, the Court requested a response from Anderson's trial counsel.  In the response, trial counsel indicated that he had advised Anderson of the right to appeal and he acknowledged his continuing obligation under Rule 26(a), but he asserted that he had complied with that obligation because he "was unaware of any desire, on the part of the client, to file an appeal after having been advised, by counsel, of the futility of such action."[3]

(3)     At the Court's request, the State also filed a response.  The State indicates that the response of Anderson's trial counsel suggests that trial counsel believed that Anderson had been convicted only of misdemeanor charges, although Anderson in fact was convicted of the felony charge of Carrying a Concealed Deadly Weapon.[4]  The State also acknowledges that trial counsel's account of his communication with Anderson after trial is ambiguous concerning "whether Anderson told his counsel to file an appeal, and whether Anderson was aware that

---

[3] Response to Appellant's Response to Notice to Show Cause, Docket Entry No. 13, at 2 (hereinafter, "Trial Counsel Response").

[4] State's Answer to Notice to  Show Cause, Docket Entry No. 17, at 3 (hereinafter, "State Response"). *See also* Trial Counsel Response, affidavit at 6-7 (listing jury verdicts on charges).

he could instruct his counsel to appeal even though counsel believed the appeal lacked any merit. The record suggests, however, that there may have been some miscommunication between Anderson and counsel regarding Anderson's desire to appeal."[5] The State therefore suggests that the matter be remanded to the Superior Court with directions to vacate and reimpose Anderson's sentence, in order to allow Anderson, with counsel's assistance, the opportunity to file a timely notice of appeal.

(4)     We agree that the proper course of action is to remand this matter to the Superior Court.[6] Upon remand, the Superior Court should resentence Anderson to permit his counsel the opportunity to file a timely appeal.

NOW, THEREFORE, IT IS ORDERED that the matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained. Any docketing fee paid to this Court by the appellant in conjunction with this appeal may be applied to a future direct appeal in this criminal action number.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice

---

[5] State Response at 5.
[6] *Amaro v. State*, 2013 WL 1087644 (Del. Mar. 13, 2013).